NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSAN VENEZIA, | No. 17-15191 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-08020-NVW |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted April 5, 2019**

Before: GOODWIN, FARRIS, and LEAVY, Circuit Judges.

Susan Venezia appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Venezia's application for disability

insurance benefits under Title II of the Social Security Act. We review de novo,

and may set aside a denial of benefits only if it is not supported by substantial

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

evidence or if the administrative law judge ("ALJ") applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We reverse and remand.

The ALJ erred in finding no severe impairment at step two of the sequential evaluation. *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) ("the step-two inquiry is a de minimis screening device to dispose of groundless claims"; at step two, an impairment "can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work" (citation and internal quotation marks omitted)). First, the ALJ improperly discounted Venezia's credibility based on inconsistencies between her symptom testimony and daily activities. *See Webb v. Barnhart*, 433 F.3d 683, 687-88 (9th Cir. 2005) (ALJ erred in discounting claimant's credibility at step two based on his ability to perform household tasks where the medical record supported the claimed limitations); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability").

Second, the ALJ improperly discounted Venezia's credibility based on the medical record evidence and the conservative nature of her treatment because the record reveals no inconsistency between Venezia's claimed symptoms and the medical record and treatment. *See Webb*, 433 F.3d at 688 (ALJ erred in

17-15191

discounting claimant's credibility where the record revealed "no inconsistency between [the claimant's] complaints and his doctors' diagnoses sufficient to doom his claim as groundless under the de minimis standard of step two").

Third, the ALJ erred in discounting the opinions of Venezia's daughter and granddaughter as unsupported by the medical record evidence and as biased because of "familial motivation." *See id.* (discussing the de minimis standard of step two); *Diedrich v. Berryhill,* 874 F.3d 634, 640 (9th Cir. 2017) (a lay witness's close relationship with a claimant is not a germane reason to discount the weight of the observations).

We reject Venezia's contentions that the ALJ erred by ignoring statements of Social Security Administration official field worker Marla Roby and a prior employer of Venezia because Venezia has not shown that the statements were significant or probative. See *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ "need not discuss all evidence presented").

Because a finding that the ALJ lacked substantial evidence to find no severe impairment at step two does "not intimate that [a claimant] will succeed in proving that [she] is disabled and entitled to disability insurance benefits," *Webb*, 433 F.3d at 688, we remand for the ALJ to continue the sequential analysis beyond step two.

**REVERSED and REMANDED**.

17-15191